UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:08-CV-00083-TBR

CLYDE HESTER, ROSA L. HESTER,
DONALD MCKEE, SHEILA MCKEE,
MARY RHODES, and RANDALL RIGDON, SR.                    PLAINTIFFS

v.

CSX TRANSPORTATION, INC.                                 DEFENDANT

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss, and alternatively, Motion for More Definite Statement (Docket #4). Plaintiff has filed a response (Docket #18) and Defendant has filed a reply (Docket #21). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss, and alternatively, Motion for More Definite Statement is **DENIED**.

**BACKGROUND**

On January 16, 2007, Defendant's, CSX Transportation, Inc., rail car derailed outside the towns of Brooks and Sheperdsville, in Bullitt County, Kentucky. Thirteen tank cars were involved in the derailment, twelve of which contained flammable liquids, gases, and solid materials, including hazardous materials. The derailment resulted in explosion, chemical fire, and chemical release.

In their Complaint, Plaintiffs, Clyde Hester, Rosa L. Hester, Donald McKee, Sheila McKee, Mary Rhodes, and Randall Rigdon, Sr., allege nuisance, trespass, negligence, and strict liability claims. Specifically, they allege that they sustained personal injuries, medical expenses, and lost wages due to chemical exposure. They also allege that these chemicals entered onto

and damaged their property.

Defendant argues that Plaintiffs failed to state a claim upon which relief can be granted. Specifically, Defendant believes that under the Supreme Court's recent decision in *Bell Atlantic Co. v. Twombly*, Plaintiffs have not pled sufficient facts to support a claim for bodily injury and property damage. Alternatively, Defendant moves for a more definite statement. Plaintiffs and Defendant have since agreed to dismiss Plaintiffs' strict liability claim without prejudice.

## DISCUSSION

In *Bell Atlantic Corporation v. Twombly*, the Supreme Court recently clarified the pleading standard necessary under Federal Rule of Civil Procedure 8(a)(2) to survive a Rule 12(b)(6) motion to dismiss. *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "The factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1964-65 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

The Court finds that Plaintiffs have alleged sufficient facts for their entitlement to relief to be plausible on its face. Plaintiffs allege that Defendant's negligence caused a train derailment which spilled toxic chemicals that injured Plaintiffs and damaged their property. This is not the sort of speculative pleading forbidden by *Twombly*. There are sufficient factual allegations in the complaint to give Defendant "fair notice concerning the nature of the claim and

the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1965.  Nothing more is required under the notice pleading standard of Rule 8(a)(2).

Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint."  *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner). While Plaintiffs will be required to provided evidence of injury eventually, at the pleading stage it is sufficient that Plaintiffs allege that they were injured.  Therefore, Defendant's motion to dismiss is denied.

Defendant's request for a more definite statement is also denied.  The information regarding the specifics of Plaintiffs' injuries is better obtained by Defendant through the discovery process, rather than requiring an amendment of the pleadings.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss, and alternatively, Motion for More Definite Statement is **DENIED**.